UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| HENRY CARLSON COMPANY, a<br>South Dakota corporation, | ) ) ) | Civ. 13-4133-KES |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| ARCH INSURANCE COMPANY, a<br>Missouri corporation;<br>INNOVATIVE RISK<br>MANAGEMENT, a Texas corporation;<br>and<br>GALLAGHER BASSETT SERVICES,<br>INC., a Delaware corporation, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, Henry Carlson Company, brought suit against defendants, Arch

Insurance Company, Innovative Risk Management, and Gallagher Bassett Services,

Inc., alleging claims for breach of contract, negligence/insurance malpractice, first

party bad faith, unfair trade practices, and fiduciary duty. Defendants Arch Insurance

and Gallagher Bassett move to dismiss HCC's claim for first party bad faith or, in the

alternative, move for a more definite statement of the claim. Defendants Arch

Insurance and Gallagher Bassett also move for a more definite statement with respect

to the other claims asserted by HCC. HCC resists the motion. For the following

reasons, defendants' motion is granted in part and denied in part.

## BACKGROUND

The facts, according to the First Amended Complaint,[1] are as follows:

HCC and its subsidiaries contracted with Arch Insurance to provide various business coverages, including workers' compensation and general liability. Arch Insurance exercised some of the claims handling functions and delegated others to Gallagher Bassett and Innovative Risk Management. Claims were routinely mishandled due to the action and/or policies of Arch Insurance, Gallagher Bassett, and/or Innovative Risk Management.

Specifically, Arch Insurance failed to properly handle or investigate claims made under the workers' compensation policy and/or general liability policy issued to HCC. Also, Arch Insurance, Gallagher Bassett, and Innovative Risk Management, jointly or separately, made, issued, or circulated untrue statements misrepresenting the terms of the policies Arch Insurance issued to HCC. One or more of the defendants also failed to fully disclose information and details pertinent to the parties' business relationships.

---

[1] When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court assumes that all facts in the complaint are true and construes any reasonable inferences from those facts in the light most favorable to the nonmoving party. *Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir. 2008).

## DISCUSSION

### I.      Bad Faith

Defendants move to dismiss HCC's claim for bad faith for failure to state a claim upon which relief can be granted. To decide a motion to dismiss under Rule 12(b)(6), the court may consider the complaint, some materials that are part of the public record, and materials embraced by the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). To survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual content in the complaint must "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Braden v. Wal-Mart Stores*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In its First Amended Complaint, HCC alleges that Arch Insurance failed to properly handle or investigate claims made under the workers' compensation policy and/or general liability policy issued to HCC, that Arch Insurance, Gallagher Bassett, and Innovative Risk Management, jointly or separately, made, issued, or circulated untrue statements misrepresenting the terms of the policies Arch Insurance issued to HCC, and that one or more of the defendants failed to fully disclose information and details pertinent to the parties' business relationships.

3

HCC's claim for bad faith is a first-party bad faith claim. "First-party bad faith is an intentional tort and typically occurs when an insurance company consciously engages in wrongdoing during its processing or paying of policy benefits to its insured." *Bertelsen v. Allstate Ins. Co.*, 833 N.W.2d 545, 561 (S.D. 2013).[2] Defendants argue that HCC's First Amended Complaint fails to state a claim for three reasons: it does not identify an existing insurance contract; it does not allege that a claim was unreasonably denied; and it does not allege what duty was breached.

First, although HCC does not identify a specific contract, HCC does allege that it contracted with Arch Insurance in such a manner that Arch Insurance provided a workers' compensation policy and/or a general liability policy to HCC. The reasonable inference can thus be made that there exists an insurance contract between HCC and Arch Insurance that can plausibly form the basis for HCC's bad faith claim.

Second, under South Dakota law, "[f]or proof of bad faith, there must be an absence of a reasonable basis for denial of policy benefits *or* failure to comply with a duty under the insurance contract and the knowledge or reckless disregard of the lack of a reasonable basis for denial[.]" *Id.* (emphasis added). "In the first-party context,

---

[2] Defendants cite to South Dakota law in their brief with the assumption that South Dakota law governs, noting that "Plaintiff does not allege where the alleged injury occurred, therefore, it is unknown what law governs the first party bad faith claim." Docket 25 at 2. HCC also refers to South Dakota law in its brief. Therefore, the court assumes South Dakota law governs for purposes of resolving defendants' motion.

4

there exists a contractual relationship, whereby the insurer has accepted a premium from its insured to provide coverage. Because of the nature of this relationship, [the South Dakota Supreme Court] recognized . . . that bad faith can extend to situations beyond mere denial of policy benefits." *Dak., Minn. & E. R.R. Corp. v. Acuity*, 711 N.W.2d 623, 629 (S.D. 2009) (internal citations and quotations omitted). For example, "[b]ad faith conduct may include the failure to conduct a reasonable investigation concerning the claim." *Id.* at 629. Based on the foregoing, HCC's assertions that Arch Insurance failed to properly handle or investigate claims made under the workers' compensation policy and/or general liability policy issued to HCC, that Arch Insurance, Gallagher Bassett, and Innovative Risk Management, jointly or separately, made, issued, or circulated untrue statements misrepresenting the terms of the policies Arch Insurance issued to HCC, and that one or more of the defendants failed to fully disclose information and details pertinent to the parties' business relationships, is enough to state a plausible claim for bad faith against Arch Insurance even though there are no allegations that a claim was unreasonably denied.

And third, the court is unaware of what defendants mean—or what they expect—when they claim that HCC did not allege what duty was breached. "Every insurance contract includes the duty of good faith and fair dealing. . . . The breach of that duty is called bad faith." S.D. Pattern Jury Instruction 30-20-10. It is straightforward that by asserting a bad faith claim, HCC is alleging that the duty of

good faith and fair dealing was breached. Indeed, HCC explicitly stated that "Defendant Arch owes a duty of good faith and fair dealing to its insured, Henry Carlson Company." Docket 5 at 4.

After drawing all reasonable inferences in favor of HCC, the court finds that the First Amended Complaint states a claim for bad faith that is plausible on its face.

Defendants move in the alternative for a more definite statement. Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

For example, "the defendant can request a more definite statement of the complaint in order to enable the preparation of an answer." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376 (3d ed. 2014) (hereinafter Wright & Miller). Such a motion is made when there is a major ambiguity or omission in the complaint that renders it unanswerable. *Tinder v. Lewis Cnty. Nursing Home Dist.*, 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001).

Defendants contend that the First Amended Complaint is so vague and ambiguous that they are unable to reasonably respond to HCC's bad faith claim. Specifically, defendants note that HCC failed to identify under what policy the claim is based, what claim forms the basis of the allegations, the nature and/or source of the

damages alleged, and the time frame of the actions forming the basis of the bad faith claim. HCC argues that no more detail is necessary, specifically noting that the parties' prior dealings and communications should be enough to allow defendants to respond.

The court agrees that the First Amended Complaint is too vague. Although HCC asserted that it contracted with Arch Insurance, HCC fails to identify the contract(s) that forms the basis for its bad faith claim. Furthermore, HCC does not provide any reference in time as to when the bad faith conduct occurred. Without such information, Arch Insurance is unable to reasonably respond to HCC's bad faith claim. Thus, defendants' motion for more definite statement is granted with respect to HCC's bad faith claim.[3] In providing a more definite statement, HCC should identify which contract(s) forms the basis for its bad faith claim against Arch Insurance and provide some reference to when the alleged bad faith conduct occurred.

## II.    Breach of Contract

Defendants also move for a more definite statement in relation to HCC's breach of contract claim. Defendants take issue with HCC's failure to identify the contract upon which the allegation is based or what claims were allegedly mishandled. While acknowledging that specific claims are subject to discovery, *see* Wright & Miller,

---

[3] Granting defendants' Rule 12(e) motion while denying their Rule 12(b)(6) motion is consistent. *See* Wright & Miller, § 1376 ("[A] plausible claim, which would survive a Rule 12(b)(6) motion, may be pleaded vaguely enough to make a response impossible, which would make it vulnerable to a Rule 12(e) motion.").

§ 1376 (noting that Rule 12(e) motions are often denied on grounds that the information requested was properly the subject of the discovery process), identifying the specific contract(s) that was allegedly breached and the time frame of such breach is necessary for defendants so they can submit an informed and intelligible answer. Thus, such information should be provided.

## III.    Negligence/Insurance Malpractice

Defendants contend that without knowing what functions performed by defendants Gallagher Bassett and Innovative Risk Management are at issue, they cannot reasonably respond to HCC's negligence/insurance malpractice claim. HCC pleaded that Gallagher Bassett and Innovative Risk Management made, issued, and circulated untrue statements misrepresenting the terms of the policies Arch Insurance issued to HCC and also failed to disclose information and details pertinent to the parties' business relationships. Such conduct identifies certain functions performed by Gallagher Bassett and Innovative Risk Management that are at issue. Anything more is subject to discovery. Thus, no more definite statement is needed for HCC's negligence/insurance malpractice claim.

## IV.    Unfair Trade Practices

Defendants move for a more definite statement on HCC's claim for unfair trade practices. Defendants seek information pertaining to the policy or policies on which the claim is based, who "Travelers" is referring to, and what trade practices

form the basis of its allegations. By providing the contract(s) that forms the basis of this suit, as mentioned above, defendants' concerns about knowing which policies on which the claim is based should be alleviated. Also, HCC noted in its brief that "Travelers" was a typo and the correct party is Arch Insurance. Lastly, the trade practices that are apparently at issue here are the making, issuing, and circulating untrue statements misrepresenting the terms of the policies Arch Insurance issued to HCC and the failing to disclose information and details pertinent to the parties' business relationships. Thus, no additional detail is necessary.

## V.     Fiduciary Duty

Defendants argue that HCC should be required to identify which defendant owed it a fiduciary duty and which defendant is alleged to have breached the same. Defendants also seek more detail regarding what "information" was not disclosed that was pertinent to the parties' business relationships.

HCC has clarified that it is claiming each defendant was a fiduciary and breached the duty of disclosure. Docket 33 at 2. Nevertheless, the court agrees that the First Amended Complaint is too vague with respect to the nature of the "information and details pertinent to the parties' business relationships." Without a more specific description of the "information and details pertinent to the parties' business relationships," defendants cannot reasonably admit, deny, or assert a 12(b) defense. Without a description of the information that they allegedly failed to disclose,

any attempt at answering HCC's allegations would be nothing more than a shot in the dark. Thus, HCC must provide a more definite statement to allow defendants an opportunity to answer.

## VI.    Punitive Damages

Defendants request a more definite statement relating to HCC's request for punitive damages. In requesting punitive damages, HCC alleged that defendants are guilty of oppression, fraud, actual malice, and/or presumed malice and that defendants acted intentionally or with willful and wanton misconduct, and in disregard for the rights of others. Punitive damages are a form of relief and are not a claim or cause of action. As such, an answer to the claim for relief is not necessary. Thus, the court finds HCC's request for punitive damages and the description of why it is entitled to punitive damages sufficient to put defendants on notice that HCC is seeking punitive damages.

## CONCLUSION

The First Amended Complaint states a claim for bad faith that is plausible on its face. Nonetheless, the First Amended Complaint's allegations pertaining to the bad faith claim are pleaded vaguely enough to make a response difficult. Likewise, HCC's claims for breach of contract and breach of fiduciary duty are also too vague and require more definite statements. Accordingly, it is

10

ORDERED that defendants' motion is granted in part and denied in part consistent with this order.

Dated August 5, 2014.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE